**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 24-14052-CIV-CANNON/MAYNARD**

**VERONICA PHILLIPS,**
**as Guardian of J.B.,**

      **Plaintiff,**

**v.**

**BRENTON BENNINK,**

      **Defendant.**

_____/

**REPORT AND RECOMMENDATION**
**ON DEFENDANT'S MOTION TO DISMISS**

Plaintiff Veronica Phillips has filed this declaratory judgment action against her daughter's father, Defendant Brenton Bennink, and asks for this Court to enter a judgment declaring that Defendant is not entitled to attorney's fees and costs tied to an underlying state court action involving these same two parties. Defendant has filed a Motion to Dismiss ("Motion"), DE 15, asserting that this Court should exercise its discretion to dismiss this declaratory judgment action as it is better suited for resolution in state court. Plaintiff has filed a response in opposition, and Defendant has replied. DE 17, DE 18. Presiding U.S. District Judge Aileen M. Cannon has referred the Motion to me for appropriate disposition. DE 19.

Having reviewed the parties' briefing and applicable law, I respectfully recommend that the Motion be **GRANTED** and that Plaintiff's Amended Complaint be dismissed for the following reasons.

1

## BACKGROUND

Plaintiff's operative Amended Complaint seeks declaratory relief under 28 U.S.C. § 2201, *et seq.*  At this motion-to-dismiss stage, as I must, I will accept as true Plaintiff's factual allegations and construe them in the light most favorable to her.

Plaintiff, a Florida resident, and Defendant, a Michigan resident, are the parents of J.B.  DE 6 ¶¶ 2-3, 7.  J.B. resided with Defendant for nearly five years in Indian River County, Florida until it was determined after "a lengthy custody battle" that J.B. would reside with Plaintiff in Palm Beach County, Florida starting in the summer of 2022.  *Id.* ¶ 8.  Just prior to that summer, on May 25, 2022, a dispute surfaced after Defendant would not allow J.B. to take most of her tangible possessions from his home because there was no formal agreement in place yet.  *Id.* ¶¶ 9-12.  On June 2, 2022, Plaintiff and Defendant entered a custody sharing agreement whereby J.B. would officially be moved to reside with Plaintiff.  *Id.* ¶¶ 13-14.  At the time, most of J.B.'s tangible belongings—including clothing, devices, jewelry, and childhood memory items—were located in Defendant's home.  *Id.* ¶¶ 16-17.

In August 2022, Plaintiff and Defendant agreed that J.B.'s things would be picked up from Defendant's home on August 9, 2022.  *Id.* ¶¶ 19, 21.  Upon arrival, J.B. collected a small box— approximately 8.5" x 8.5" x 8.5" in size—and was told for the first time that Defendant "gave all of her personal items away (including her clothing)."  *Id.* ¶¶ 21, 23-25.

On September 13, 2022, Plaintiff sent a statutory Civil Theft Notice under Florida law.  *Id.* ¶ 27.  A state court lawsuit ensued and Defendant filed an Answer, the parties engaged in discovery, and the state court action proceeded to a jury trial.  *Id.* ¶¶ 28-36.  Prior to trial, on January 18, 2023, Defendant submitted a written proposal for settlement and offer of judgment under Florida law.  *Id.* ¶ 45, DE 6-9 (Proposal for Settlement/Offer of Judgment).  Defendant

brought J.B.'s items in his possession to trial and, following a jury verdict fully in Defendant's favor, the state court entered judgment in Defendant's favor on October 26, 2023. DE 6 ¶¶ 35-36; DE 6-10 (Final Judgment for Defendant); DE 6-11 (State Court Jury Verdict). On November 13, 2023, Defendant filed a motion for fees and costs under Florida law and the parties subsequently engaged in discovery on that issue. DE 6 ¶¶ 37-42.

That brings us to this federal case. In her sole count seeking declaratory relief, Plaintiff sets forth alleged reasons and legal authority for her proposition that Defendant's proposal for settlement in the underlying state court case "fails on its face" and Defendant's claim for legal fees on the underlying civil theft claim is likewise without merit. *Id.* ¶¶ 45-64. Among other things, Plaintiff alleges that Defendant did not pay his legal counsel in the underlying case and that Defendant "conspired with his legal counsel to prepare and create a fee agreement on November 19, 2023 which [w]as nearly a week after they filed a motion for entitlement to fees" which constitutes fraud on the court. *Id.* ¶¶ 66-75. Plaintiff thus "requests this Court take jurisdiction of the subject matter and the parties and enter judgment declaring that the Defendant is not entitled to attorney's fees and costs." *Id.* at 11.

Defendant moves to dismiss Plaintiff's Amended Complaint and argues that "allowing this action to proceed in federal court would be uneconomical and vexatious" as the state trial court "has an understanding of all the issues that revolve around this case." DE 15 at 3. In response, Plaintiff acknowledges that the Court has discretion to hear this stand-alone declaratory judgment action but contends that this case should not be dismissed because the state court action is presently stayed pending an outcome in this federal forum and also because applicable legal factors weigh in favor of allowing it to proceed. DE 17 at 1-2, 7-8.

## STANDARD OF REVIEW

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The purpose of this requirement is "to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555. When considering a motion to dismiss, the Court must accept all of the plaintiff's allegations as true, construing them in the light most favorable to the plaintiff. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008).

A complaint must also contain enough facts to indicate the presence of the required elements. *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1302 (11th Cir. 2007). However, "[a] pleading that offers 'a formulaic recitation of elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). "[C]onclusory allegations, unwarranted deductions of fact or legal conclusions masquerading as facts will not prevent dismissal." *Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002).

## ANALYSIS

Federal courts must exercise caution when asked to entertain actions with parallel state-court proceedings. Here, Plaintiff invokes the Declaratory Judgment Act, which is "an enabling Act, which confers a discretion on courts rather than an absolute right upon the litigant." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 287 (1995). "It only gives the federal courts competence to make a declaration of rights; it does not impose a duty to do so." *Ameritas Variable Life Ins. Co. v. Roach*, 411 F.3d 1328, 1330 (11th Cir. 2005) (citing *Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491, 494 (1942)). The Court is afforded "unique and substantial discretion" in deciding whether to declare the rights of interested parties. *Wilton v. Seven Falls Co.*, 515 U.S. at 286. Importantly,

the Supreme Court has cautioned courts that there are certain cases in which "it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties." *Brillhart*, 316 U.S. at 495. In such a case, the district court should exercise its discretion to dismiss or stay the declaratory action in light of pending state proceedings. *Wilton*, 515 U.S. at 286.

The Eleventh Circuit has explained that district courts should consider the following nine non-exclusive factors in deciding whether to adjudicate, dismiss, or stay a declaratory judgment action under § 2201(a):

(1)    the strength of the state's interest in having the issues raised in the federal declaratory action decided in the state courts;

(2)    whether the judgment in the federal declaratory action would settle the controversy;

(3)    whether the federal declaratory action would serve a useful purpose in clarifying the legal relations at issue;

(4)    whether the declaratory remedy is being used merely for the purpose of "procedural fencing"—that is, to provide an arena for a race for *res judicata* or to achieve a federal hearing in a case otherwise not removable;

(5)    whether the use of a declaratory action would increase the friction between our federal and state courts and improperly encroach on state jurisdiction;

(6)    whether there is an alternative remedy that is better or more effective;

(7)    whether the underlying factual issues are important to an informed resolution of the case;

(8)    whether the state trial court is in a better position to evaluate those factual issues than is the federal court; and

(9)    whether there is a close nexus between the underlying factual and legal issues and state law and/or public policy, or whether federal common or statutory law dictates a resolution of the declaratory judgment action.

*Nat'l Tr. Ins. Co. v. S. Heating & Cooling Inc.*, 12 F.4th 1278, 1282–83 (11th Cir. 2021) (citing *Ameritas Variable Life Ins. Co. v. Roach*, 411 F.3d 1328, 1331 (11th Cir. 2005)).

Here, Plaintiff principally argues that because the underlying state court action is stayed pending the outcome of this federal action, as agreed to by Defendant, and because "the state court case is based upon a different premise and causes of action (tort action), the litigation is not parallel." DE 17 at 1. This argument is unavailing.

The framework and analysis set forth in *Mid-Continent Casualty Co. v. North Star Home builders Inc.*, 297 F. Supp. 3d 1329 (S.D. Fla. 2018), are instructive here. In *Mid-Continent Casualty Co.*, the Court dismissed an insurer's declaratory judgment action in light of a parallel state court proceeding. *Id.* The Court first considered the parties—which differed in the two actions—and then the issues presented to determine the applicability of the *Ameritas* factors. *Id.* at 1335–36.

This matter and the underlying action are sufficiently similar such that they are parallel. First, this federal action and the underlying state court action involve the exact same two named parties. Second, the issues are squarely similar. Plaintiff asks the Court to "enter judgment declaring that Defendant is not entitled to attorney's fees and costs." DE 6 at 11. The core issue of attorney's fees and costs ties directly to and is inextricably intertwined with the jury verdict in Defendant's favor in the underlying state court action and requires a state court determination of Defendant's entitlement to fees. Such determination would include consideration of the effect and interpretation of Defendant's proposal of settlement and offer of judgment made prior to the trial, which may impact the determination of post-verdict entitlement to fees and the parties' respective rights and responsibilities. Plaintiff cites no authority for the proposition that a stay of a state court action when a related federal declaratory judgment action is pending somehow makes the two

actions not parallel.  It is unsurprising that the state court temporarily stayed the underlying litigation pending the outcome of this federal declaratory judgment action to avoid inconsistent rulings and unnecessary overlap of resources being expended in two different judicial forums at the same time.  Because the parties in both actions are the exact same and issues are similar, I turn next to consideration of the applicable *Ameritas* factors.

Plaintiff briefly and with minimal analysis offers a position on each of the nine *Ameritas* factors mostly in the form of "Yes" or "No" responses—sometimes with a single-sentence explanation.  DE 17 at 7-9.  Defendant also addresses each of the nine factors.  DE 18 at 2-6. Having reviewed the parties' opposing positions on each factor and having also conducted my own independent review, I conclude that a careful application of the factors very clearly balances in favor of dismissing this stand-alone declaratory judgment action.

**First**, Florida has a strong interest in having the issues raised in the Amended Complaint decided in a Florida state court as the underlying case and issues deal entirely with the interpretation and application of Florida state law regarding statutory attorney's fees and costs following a jury trial.  The parties' dispute centers on application of Florida law relating to pretrial proposals for settlements and alleged fraud on the court relating to a request for fees.  Notably, the state court issued a final judgment expressly "retain[ing] jurisdiction as to the issue of entitlement to attorneys' fees and costs and the amount thereof."  DE 6-10 (Final Judgment for Defendant). The State of Florida has a strong interest in deciding the issues.

**Second**, a judgment in this federal court would not fully settle the controversy as Plaintiff has only asked this Court to determine the issue of entitlement to fees but not the amount of any such fees.

**Third**, a federal declaratory action would not serve a useful purpose in clarifying the legal relations at issue.  Plaintiff's claims here and in state and court are inextricably intertwined. Contrary to Plaintiff's summary "Yes" to this factor with zero explanation, there is absolutely no need for this Court to interpret and decide the issue of fees or the impact of Defendant's proposal for settlement and offer of judgment made pursuant to pursuant to Florida Rule of Civil Procedure 1.442 and Florida Statute § 768.79 in the context of Florida state civil court trial proceedings.  DE 6-9 (Proposal for Settlement/Offer of Judgment).  The state trial court is fully capable and better suited to resolve the issues raised by Plaintiff here.  Plaintiff's lawsuit is simply wasting scarce federal judicial resources.

**Fourth**, the declaratory remedy is clearly being used in this case for the purpose of procedural fencing.  A fair reading of the Amended Complaint reveals that the parties have an extensive and contentious history of legal proceedings involving the custody of their daughter and the underlying tort action stemming from Defendant's alleged theft and misappropriation of the daughter's personal belongings.  Plaintiff lost before a state court jury resulting in a final state court judgment in Defendant's favor, followed by a request for attorney's fees and costs.  Rather than properly litigate the issue of fees and costs in state court, Plaintiff instead opted to file this stand-alone declaratory judgment action in federal court under the unconvincing guise that the issue of fees and costs is a separate case and controversy requiring a declaration of rights under federal law.  Not so.  The disputed issue of fees and costs is purely a post-judgment state court matter that is part and parcel of the underlying state court litigation.  Plaintiff could have no motive here other than an attempt to obtain *res judicata* in a federal forum or to achieve a federal hearing in a case otherwise not removable.

**Fifth**, for the same reasons explained above, the use of a declaratory action here would increase the friction between the federal and state courts and improperly encroach on Florida's jurisdiction.  In effect, Plaintiff wants this federal court to unnecessarily stand in the shoes of the state court and substitute its judgment in lieu of the better-positioned state court. This could only encourage unnecessary friction between the Florida and federal court.

**Sixth**, a more effective alternative remedy would be to dismiss this action and allow the state court trial court to resolve the issue of entitlement and amount of fees and costs in the first instance.

**Seventh**, the underlying factual issues here are clearly important to an informed resolution of the case, and **eighth**, the Florida trial court is in a much better position to evaluate those factual issues than is this federal court. This is a case that has already been through a jury trial and verdict in Indian River County Court.  That court is much better informed and equipped to address the issues raised by Plaintiff related to post-judgment attorney's fees and costs.

Lastly, **ninth**, there is clearly a close nexus between the underlying factual and legal issues and state law and/or public policy in light of the foregoing.

For all of the above stated reasons, I respectfully recommend that the Court exercise its discretion to dismiss Plaintiff's Amended Complaint in its entirety.

<u>**CONCLUSION**</u>

The applicable *Ameritas* factors, as applied here, favor abstention.  Therefore, I respectfully **RECOMMEND** that Defendant's Motion to Dismiss, DE 15, be **GRANTED**, that the Amended Complaint be **DISMISSED** in its entirety, and that this case be **CLOSED**.

## <u>NOTICE OF RIGHT TO OBJECT</u>

The parties shall have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with U.S. District Aileen M. Cannon.  Failure to file objections timely shall bar the parties from a de novo determination by the District Judge of an issue covered in the Report and Recommendation and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report and Recommendation.  *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1 (2016).

**Conversely, if a party does not intend to object to this Report and Recommendation, then that party shall file a Notice of such within five (5) days of the date of this Report and Recommendation.**

**DONE AND RECOMMENDED** in Chambers at Fort Pierce, Florida, this 26th day of April, 2024.

_____
SHANIEK MILLS MAYNARD
U.S. MAGISTRATE JUDGE